# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| POCKET PLUS, LLC, | No. 21-cv-04-CJW |
| Plaintiff, | **ORDER REGARDING** |
| | **MOTION TO STAY** |
| vs. | |
| RUNNER'S HIGH, LLC d/b/a Running Buddy, | |
| Defendant. | |

_____

Before me is Plaintiff Pocket Plus, LLC's Motion to Stay filed on August 26, 2021. (Doc. 54.) Defendant Runner's High, LLC d/b/a Running Buddy filed its Opposition to Plaintiff's Motion to Stay Proceedings on September 2, 2021. (Doc. 55.) No hearing on the motion is necessary.

## I.    DISCUSSION

Plaintiff's motion seeks to stay all proceedings, including discovery and a pending motion for summary judgment, until resolution of a wholly unrelated matter from the Third Circuit by the United States Supreme Court. On June 24, 2021, a petition for writ of certiorari was filed in the matter of *Ezaki Glico Kabushiki Kaisha, et al., Petitioners v. Lotte International America Corp., et al.* A writ has not been granted, but Plaintiff hopes that the Supreme Court will take up *Ezaki Glico* and resolve it in a way that will illuminate an issue before this Court, that is, the appropriate role of functionality of a trade dress feature in determining if the trade dress is protectible.

1

## A.    The Parties' Positions

Plaintiff points to three cases where the Supreme Court addressed functionality in trademark law: *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, (1982), *Qualitex Co. v. Jacobson Prods. Co.,* 514 U.S. 159 (1995), and *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23 (2001).   In summary, from Plaintiff's viewpoint, lower courts have misconstrued these holdings, particularly *TrafFix* to impose "the heavy burden of showing that the feature is not functional, for instance by showing that it is merely an ornamental, incidental, or arbitrary aspect of the device." (Doc. 54 at 6 (quoting *TrafFix Devices*, 523 U.S. at 30).)  Plaintiff contends the District Court and Third Circuit made this mistake in *Ezaki Glico* and that the issue is central to the pending motion for summary judgment in this case.   (*Id.* at 8-9.)

With regard to the functionality issue, Defendant argues that, even if the Supreme Court takes up *Ezaki Glico,* it could be resolved on issues that have no bearing on the case at bar, to wit: whether the *Inwood* test is the exclusive test or the relevance of alternative designs in assessing functionality.  (Doc. 55 at 5-6.)  Defendant also points out that trade dress is not an area that has historically garnered much of the Supreme Court's attention, noting that the three cases cited by Plaintiff are the only three Supreme Court cases to substantively address trade dress in the past 25 years.   (*Id.* at 3.) Moreover, Defendant notes that it could not find a single case where a stay was granted to await a Supreme Court decision in an entirely unrelated case involving other parties in another circuit based solely on a petition for certiorari. (*Id.*)

The parties' positions with respect to the factors to be assessed in ruling on a motion for stay are addressed below.

## B.    Applicable Standards

The Court has broad discretion to stay proceedings when appropriate to control its docket, making optimal use of judicial resources while weighing competing interests.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). The Court may grant a stay to "control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting N.W., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) (citation omitted).

> In determining whether to stay a case, courts generally consider the following factors:
> 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> 2) whether a stay will simplify the issues in question and trial of the case; and
> 3) whether discovery is complete and whether a trial date has been set.

*CRST Expedited, Inc. v. Swift Transp. Co.*, No. 17-CV-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018) (citing *Dordt Coll. v. Burwell*, No. C 13-4100-MWB, 2014 WL 5454649, at *1 (N.D. Iowa Oct. 27, 2014)).

> This Court has previously stated:

> In the event of a pending decision that will be controlling in the instant case, federal courts have considered issuing a stay pending another court's decision. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). In deciding the merits of a motion to stay proceedings, the Court weighs the following factors: (1) whether a stay will be the most efficient use of judicial resources by preventing duplication of effort; (2) whether the pending decision could simplify and narrow the issues in the case; and (3) whether the Court will be able to benefit from the pending decision. *Middleton, Inc. v. Minnesota Mining and Mfg. Co.*, 2004 WL 1968669, at 3 (S.D. Iowa Aug. 24, 2004).

*Flockhart v. Synchrony Bank*, 17-CV-4019-MWB, 2017 WL 3276266, at *1 (N.D. Iowa Aug. 1, 2017). In *Flockhart*, the court held that a stay was appropriate because a ruling in a D.C. Circuit Court case on the definition of a term was a threshold issue that would determine the scope of discovery in the case, clarify the law, and aid the court in deciding

3

the case, thus preserving judicial resources for a time when moving forward would be the most efficient. *Id.* at *3.

**C.    Analysis**

 **1.    *Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-moving Party***

Plaintiff contends Defendant will not be prejudiced because the case has been on file only since January 2021. Defendant did not answer until March 31, 2021, discovery has been underway only a short while, and trial is set for June 6, 2022. Plaintiff also asserts that a decision on whether the Supreme Court will take up *Ezaki Glico* should be forthcoming in approximately six weeks and, if accepted, the ultimate decision should be forthcoming at the end of the 2021-2022 term. Plaintiff contends *Ezaki Glico* could be decided in Defendant's favor and that a stay would not place Defendant at any tactical disadvantage.

In contrast, Defendant claims it would be greatly disadvantaged if the case is stayed, particularly before a ruling on its motion for summary judgment. Defendant reports – as its counsel had during a prior hearing – that the lawsuit places a cloud over a potential sale of its business.

In this case, I conclude this factor weighs against issuance of a stay. Generally, parties are entitled to an expeditious decision on their claims. It should be remembered that the parties are business competitors and Plaintiff has not yet proved it is entitled to any relief. I do not suggest in any way that Plaintiff has interposed his motion for the purpose of delaying prosecution for some competitive advantage. Nevertheless, the Court should not embrace an unnecessary delay that could inure to one party's competitive advantage and another's detriment.

### 2.     *Whether a Stay Will Simplify the Issues in Question and Trial of the Case*

None of the cases cited by Plaintiff involved a request for a stay while the Supreme Court decided an unrelated matter except *Cortes v. Bd. of Governors*, 89 C 3449, 1991 WL 148181 (N.D. Ill. July 19, 1991). *Cortes* granted a stay after certiorari had been granted and the court was reasonably confident the decision of the Supreme Court would resolve a critical issue and there would be no prejudice. I conclude that the possibility that resolution of *Ezaki Glico* will simplify the issues before the Court is merely speculation on two levels. First, Defendant notes the relative paucity of cases in this area. Additionally, the odds that any petition for certiorari will be granted, as Defendant notes, are slim. Thus, it is highly speculative to predict the *Ezaki Glico* petition would be granted. Even a stay while the petition is ruled on would result in weeks of delay and jeopardize the timely adjudication of the matters before this Court.

Second, I have neither the desire nor the ability to predict the outcome of any case pending in the Supreme Court. In this case, however, I can see the distinct possibility that, if the Supreme Court grants the petition, its ultimate decision may not simplify the issues before this Court. While circumstances such as those presented in *Cortes* may have warranted a stay while the Supreme Court resolved a crucial issue that could have changed the course of a case pending in the district court, those circumstances are not present in the case at bar. Rather than countenance undue delay in the hope of additional guidance, this Court should press forward to timely resolution of the case before it. For these reasons, this factor weighs against a stay.

### 3.     *State of the Proceedings*

In the case at bar, discovery is not closed; however, Defendant notes there are no pending discovery requests and the parties' principals have been deposed. Additionally, a trial has been set for June 22, 2022. (Docs. 13, 14.) I also note that Defendant's motion for summary judgment has been fully briefed by the parties and is set for hearing on

September 17, 2021. While this is a closer call than the other factors presented, ultimately the case has proceeded far enough that a stay of the proceedings at this juncture could waste the resources already devoted to the case. Thus, this factor also weights against a stay.

**4.**     ***The Most Efficient Use of Judicial Resources and Whether the Court Will be Able to Benefit from the Pending Decision***

Because it appears speculative that certiorari will be granted in *Ezaki Glico* or be decided in a way that will benefit the Court in ruling on the issues before it, I conclude it would not be an efficient use of judicial proceedings to stay the proceedings before it. Thus, these factors also weigh against a stay.

## II.     CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Stay (Doc. 54) is **DENIED**.

**IT IS SO ORDERED** this 8th  day of September, 2021.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

6